**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2179-24

GABRIELE PIETZ-VOGEL,

    Plaintiff-Appellant,

v.

CATHY OLIVER-HOMMES,

    Defendant-Respondent.

_____

Submitted May 5, 2026 – Decided May 15, 2026

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1940-24.

Gabriele Pietz-Vogel, self-represented appellant.

Conte Clayton & Austin, PA, attorneys for respondent (Michael A. Austin, on the brief).

PER CURIAM

    Plaintiff Gabriele Pietz-Vogel, self-represented, appeals from the January 2, 2025 trial court order granting defendant Cathy Oliver-Hommes' motion to

dismiss plaintiff's libel complaint with prejudice for failure to state a claim pursuant to Rule 4:6-2(e).  Plaintiff also appeals from the April 22, 2025 court order awarding defendant attorney's fees.  Following our review of the parties' arguments, record, and applicable law, we affirm.

I.

Defendant filed a Probate Part action seeking guardianship of her mother, Emma Oliver.  Defendant has one brother, Boyd Oliver.[1]  Plaintiff intervened in the guardianship proceeding, believing she should be Emma's guardian.  Plaintiff is not related to Emma.

On June 27, 2024, plaintiff filed a complaint alleging "libel" and seeking "compensation," "an injunction," and "a retraction" of defendant's statements made relating to the guardianship proceeding.  Plaintiff alleged defendant made false statements consisting of:  medical knowledge misrepresentations, financial misconduct accusations, forgery and fraud allegations, family life implications, and racial discrimination.  Plaintiff submitted with her complaint an attachment directed to the probate judge, which alleged she learned of defendant's actions after the guardianship "court appointment."  Plaintiff averred defendant "ha[d]

---

[1]  Because this matter involves family members with the same surname, we refer to Emma Oliver and Boyd Oliver by their first names.  We intend no disrespect.

engaged in a pattern of slanderous behavior intended to undermine [her] reputation and discredit [her] efforts to support Emma . . . and her son, Boyd." She alleged defendant was defaming and harassing her with "false[] accus[ations]" of "improper conduct and . . . motivations in helping Emma."

Plaintiff requested "compensation for [her] services, not from Emma nor Boyd, but solely from . . . [defendant]," because defendant's "malfeasance . . . [required] Emma . . . to seek [plaintiff's] help." Plaintiff allegedly "devot[ed] over 100 hours of pro bono services to assist Emma . . . in recovering her . . . documents and managing her affairs." Plaintiff asserted "[t]he market value of [her] services" was comparable to "a law firm" and valued between "$10,000 to $20,000."

On August 26, 2024, defense counsel served plaintiff with a frivolous litigation letter pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1, demanding plaintiff withdraw her claim within the twenty-eight-day safe harbor period. Defendant asserted plaintiff's complaint failed to state a claim for an act of slander or libel, noting "the statements . . . allege[d] were made . . . in the context of" or "in relation to . . . [Emma's] guardianship proceeding." Additionally, defendant posited plaintiff's claim for damages had no legal support.

On August 29, 2024, plaintiff responded to the letter, arguing she had "consult[ed] with legal counsel" and "maintain[ed] confidence in the merit of [her] claims against . . . [defendant], which stem[med] from actions that ha[d] significantly impacted [her] both personally and professionally." Plaintiff "noted" defendant's "assertion of [the] litigation privilege" but maintained her "understanding" that it did "not universally apply" and alleged her position was "supported by legal counsel." She acknowledged defendant's "statements" were based on "written submissions and [made] within the courtroom setting" during the guardianship proceeding but alleged they were not protected by the litigation privilege because they "exceed[ed] the scope of the proceedings and cause[d] external harm." Regarding the "ongoing legal proceedings," plaintiff alleged she "witnessed behavior from [defendant] that seriously call[ed] her credibility and ethics into question."

After plaintiff did not withdraw her complaint, defendant moved to dismiss the complaint with prejudice for failure to state a claim on September 10, 2024. Defendant argued plaintiff's claim was frivolous because the alleged libelous or defamatory statements stemmed from the guardianship action, which were protected under the litigation privilege.

4

On October 31, 2024, the court heard argument on defendant's motion. Defendant argued dismissal was warranted because the litigation privilege immunized her alleged statements as they related to the guardianship litigation and were a product of that action. Plaintiff argued in opposition that defendant should not have been permitted to "slander" and "talk badly about [her] for four full court days," "spread[ing] . . . slander in documents that go [to] . . . agencies, organizations, [and] . . . a lawyer." Plaintiff conceded she did "inject [her]self into Emma['s] . . . guardianship case" and asserted, "if not for" defendant's statements made in the proceeding, she "could have become Emma's guardian." She maintained defendant was being permitted "to hide . . . behind" the litigation privilege.

On January 2, 2025, the court issued an order accompanied by an oral decision granting defendant's motion to dismiss. In addressing plaintiff's cause of action, the court highlighted her "five specific groups of allegations" and acknowledgment that defendant's alleged misconduct stemmed from the guardianship proceeding. The court found plaintiff's complaint failed "to state a claim . . . upon which relief can be granted because[,] even if . . . plaintiff establishe[d] that the statement was actually made, the alleged libelous statements made by . . . defendant [we]re protected by the litigation privilege."

5

The court further reasoned that plaintiff's allegations were "focused on an excerpt from a certification submitted by . . . defendant in the guardianship proceeding."[2] The court determined dismissal was appropriate, reasoning that defendant's alleged statements: "were made during the course of the guardianship proceeding"; stemmed from "defendant [being] a litigant in the guardianship action"; "were made to achieve the objects of the litigation"; and "had some connection or logical relation to [defendant's] guardianship application" that "plaintiff injected herself into."

The court also determined plaintiff's argument that dismissal should be denied because defendant acted maliciously by filing a frivolous litigation letter was without merit. It explained defendant was permitted by the court rules and statute to file a frivolous litigation letter. Regarding damages, the court found plaintiff's request for compensation for her "services . . . ha[d] no connection to . . . defendant's allegedly libelous statements." The court noted plaintiff provided no "legal or logical basis" to support that defendant was obligated to pay for plaintiff's "services."

---

[2] We note the court references documents it considered with the motion to dismiss that plaintiff has not provided on appeal. See R. 2:6-1(a)(1)(I) (stating the appendix must contain parts of the record "essential to the proper consideration of the issues").

A-2179-24

After plaintiff's complaint was dismissed, defendant moved for frivolous litigation sanctions, which plaintiff opposed. On February 28, 2025, the parties appeared for oral argument. Initially, the court asked plaintiff if she had filed an appeal, but she indicated she had not. Defendant argued plaintiff "pursu[ed] the[] claims in bad faith and for the [purpose] of inflicting harm by increas[ing] litigation costs against" defendant. To defend against plaintiff's action, defendant maintained she was forced to incur counsel fees, which were outlined in defense counsel's certification of services.[3]

Plaintiff then asserted that she intended to appeal, alleging the court had not provided her with an opportunity to be heard at the previous hearing, that it was difficult to find an attorney, and reiterating she would have been Emma's guardian if defendant had not "slandered her in court." Plaintiff argued defendant was "a thief, a liar," and "malicious." Plaintiff expressed the court was "too . . . focused on the rules."

The court found plaintiff failed to demonstrate her complaint "was not frivolous." The court noted defendant served plaintiff with a frivolous litigation letter on August 26, 2024, and provided plaintiff notice that defendant would "seek fees" if she did not withdraw the complaint. Because plaintiff failed to

---

[3] We note defendant's certification of services was not provided on appeal.

withdraw the complaint, defendant moved to dismiss, which the court granted. The court explained if plaintiff wanted to file an appeal, she needed to follow the court rules and be mindful of the forty-five-day period to file. At the conclusion of the proceedings, the court advised it would reserve decision.

On April 22, 2025, the court rendered an oral decision accompanied by a memorializing order granting defendant's motion and awarding $12,642.80 in frivolous litigation fees.[4] After citing N.J.S.A. 2A:15-59.1, the court stated that a "party who advances the claim or defense raised in bad faith or without a reasonable basis in law or equity may be held liable for litigations costs and attorney's fees." Further the court recognized under Rule 1:4-8 "that an attorney or party proceeding [self-represented,] who signs a pleading, . . . motion, or other paper in litigation[,] may be subject to sanctions if the document is presented for an improper purpose or in bad faith."

The court found: plaintiff filed a frivolous complaint and acted in bad faith, defendant's statements were protected by the litigation privilege, plaintiff knew the statements were made in the context of the guardianship litigation, and plaintiff failed to "articulate a connection between her alleged damages and . . .

---

[4] On appeal, plaintiff did not provide the underlying submissions the court considered in support of defendant's motion for Rule 1:4-8 fees. See R. 2:6-1(a)(1)(I).

defendant's statements." Further, the court questioned plaintiff's inconsistent assertions about obtaining counsel, indicating "her lack of transparency" as to "the source of her purported legal assistance or the scope of . . . [counsel's] involvement" suggested bad faith because "she deliberately withheld disclosure to maintain a procedural advantage often afforded to [self-represented] litigants."

After a review of the invoices attached to defense counsel's certification of services "show[ing] the time and expenses expend[ed]," the court found the fee request and expenditure were reasonable under the Rules of Professional Conduct 1.5(a). Further, the court recognized that plaintiff did not challenge the "particular . . . fees" in the submitted certification. The court noted no appeal was filed but expressed that if an appeal was filed and served, it would be sufficient cause to stay the order until the Appellate Division rendered a decision.

Defense counsel advised the court no notice of appeal had been served. Plaintiff then indicated she had filed an appeal. The court advised plaintiff "if there was in fact an appeal, . . . [the] order w[ould] be stayed." Plaintiff thereafter perfected her appeal. On June 9, 2025, we granted plaintiff's motion

A-2179-24

to file an amended notice of appeal regarding the court's April 22, 2025 order awarding defendant attorney's fees.

On appeal, plaintiff contends reversal is warranted because the court: erred in dismissing the complaint as she sufficiently alleged a libel claim; improperly awarded attorney's fees, incorrectly found bad faith and frivolous conduct; should have determined defendant's defamatory statements were not protected by litigation privilege and are actionable under New Jersey law; and demonstrated judicial bias and permitted structural errors, depriving plaintiff of a fair hearing.

## II.

We review de novo a trial court's order dismissing a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e). See Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "A pleading should be dismissed if it states no basis for relief and discovery would not provide one." Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 205 (App. Div. 2023) (quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011)). "When deciding a motion to dismiss under Rule 4:6-2(e), the test to determine 'the adequacy of a pleading' is 'whether a cause of action is "suggested" by the facts.'" Doe v. Est. of C.V.O.,

10

477 N.J. Super. 42, 54 (App. Div. 2023) (quoting MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020)).  "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Strickland v. Foulke Mgmt. Corp., 475 N.J. Super. 27, 38 (App. Div. 2023) (alteration in original) (quoting Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019))

"'In evaluating motions to dismiss, courts consider "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."'" AC Ocean Walk, LLC v. Am. Guar. & Liab. Ins. Co., 256 N.J. 294, 310-11 (2024) (quoting Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015)).  Courts "may consider documents specifically referenced in the complaint 'without converting the motion into one for summary judgment.'"  Myska, 440 N.J. Super. at 482 (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003), aff'd, 179 N.J. 500 (2004)).

"[T]o establish a prima facie case of defamation (whether denominated libel or slander), a plaintiff must show that defendant communicated to a third person a false statement about plaintiff that tended to harm plaintiff's reputation

11

in the eyes of the community or to cause others to avoid plaintiff." McLaughlin v. Rosanio, Bailets & Talamo, 331 N.J. Super. 303, 312 (App. Div. 2000). "In deciding whether a statement is defamatory[,] a court must examine three factors: content, verifiability, and context." Ibid.

However, "[a] statement made in the course of a judicial proceeding is absolutely privileged and wholly immune from liability." Williams v. Kenney, 379 N.J. Super. 118, 133 (App. Div. 2005). Whether a defendant is entitled to "immunity is a question of law to be decided [as] early in the proceedings as possible, preferably on a properly supported motion for summary judgment or dismissal." Wildoner v. Borough of Ramsey, 162 N.J. 375, 387 (2000).

Further, "[i]t is well-settled that a witness in a judicial or quasi-judicial proceeding enjoys an absolute immunity from civil suit for his words and actions relevant to the judicial proceedings." Durand Equip. Co. v. Superior Carbon Prods., Inc., 248 N.J. Super. 581, 583 (App. Div. 1991). "This absolute privilege applies 'even if the words are spoken maliciously, without any justification or excuse, and from personal ill will or anger . . . .'" Williams, 379 N.J. Super. at 134 (quoting DeVivo v. Ascher, 228 N.J. Super. 453, 457 (App. Div. 1988)).

The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 141 N.J. 207, 216 (1995) (quoting Silberg v. Anderson, 786 P.2d 365, 369 (Cal. 1990)). It "is not limited to statements made in a courtroom during a trial; 'it extends to all statements or communications in connection with the judicial proceeding.'" Ibid. (quoting Ruberton v. Gabage, 280 N.J. Super. 125, 133 (App. Div. 1995)); see also Williams, 379 N.J. Super. at 134 (holding the privilege "is not limited to statements made under oath").

III.

We address together plaintiff's contentions that the court erroneously dismissed her complaint because she sufficiently stated a claim and found defendant's defamatory statements were protected by litigation privilege. After our de novo review of the record, we discern no error.

Plaintiff's claims of libel and slander stem from defendant's statements made in connection with the guardianship action. Plaintiff's pleading acknowledged that she learned of defendant's statements after an in-court guardianship proceeding and from related ongoing legal proceedings. Further,

13

she admitted injecting herself in the guardianship action and asserted she should have been Emma's guardian. The record supports the court's finding that plaintiff's complaint failed to state a viable cause of action because defendant's statements were protected under the litigation privilege. After a liberal review of plaintiff's complaint, with included an attached "outline," we reject her assertion that she sufficiently suggested a cause of action. We therefore discern no reason to disturb the court's dismissal of plaintiff's complaint with prejudice.

Plaintiff also challenges the court's award of frivolous litigations fees and costs. The trial court's decision to award sanctions pursuant to Rule 1:4-8 is reviewed for an abuse of discretion. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009); Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

We first note plaintiff does not challenge the amount of the award or extent of services rendered but instead asserts the court failed to find facts supporting bad faith or frivolous conduct warranting a fee award. A review of the court's oral decision demonstrates otherwise.

The court provided well-supported factual findings regarding plaintiff's bad faith conduct, specifically her continued litigation of unsupported and frivolous claims against defendant. The court accurately highlighted plaintiff's

14

refusal to withdraw the complaint after receiving the frivolous litigation letter, noting she failed to show any good faith basis for pursuing the complaint. We also reject plaintiff's additional contention that the court committed "a jurisdictional error" because she had not served a filed notice of appeal on the court or defendant. See R. 2:5-1(c)(1) (explaining that "[t]he appellant must provide a copy of the notice of appeal, transcript request form, and case information statement to the trial judge . . . who rendered the decision under review"). Plaintiff does not refute that she failed to serve notice of her appeal on the court and defendant. The court clearly indicated if an appeal was filed the award would be stayed. Thus, we are convinced the court appropriately awarded fees, committing no abuse of discretion.

Finally, we address plaintiff's assertion that the court demonstrated judicial bias and deprived her of due process. A detailed review of the record demonstrates plaintiff's claims are without merit. The court fairly considered plaintiff's submissions, provided her with an ample opportunity to argue, took the time to explain the court rules, and demonstrated no bias. The court fully afforded plaintiff "due process," providing "an opportunity to be heard at a meaningful time and in a meaningful manner." Doe v. Poritz, 142 N.J. 1, 106 (1995).

15

To the extent that we have not addressed plaintiff's remaining contentions, they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division